

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

      v.

JON KARL MCREE FLEET,

      Defendant.

Criminal No. 1:21-CR-192

## STATEMENT OF FACTS

The United States and the defendant, JON KARL MCREE FLEET (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1.    On January 24, 2021, the defendant walked into the Macy's store located at 6400 Springfield Mall, in Springfield, Virginia, within the Eastern District of Virginia. At the time, Macy's was engaged in and affected interstate commerce. The defendant approached an employee with a clothing item, and when the employee opened the cash register, the defendant brandished a firearm and ordered that the employee give him the money inside the register. When the employee did so, the defendant took from the cash register approximately $300 in U.S. currency that belonged to the store. The defendant fled the store on foot.

2.    The defendant's robbery of Macy's unlawfully obstructed, delayed, and affected commerce as that term is defined in 18 U.S.C. § 1951. In addition, by using and brandishing a firearm during the robbery, the defendant obtained property from an employee of Macy's against the employee's will and by means of actual or threatened force, violence, and fear of immediate and future injury to the employee's person while the employee engaged in commercial activities

1



as an employee of the store.

3.     On February 12, 2021, the defendant walked into the McDonald's restaurant located at 505 South Van Dorn Street, in Alexandria, Virginia, within the Eastern District of Virginia.  At the time, McDonald's was engaged in and affected interstate commerce.   The defendant approached an employee and began to request a food order.  Before the employee had finished entering the order, the defendant demanded that the employee give him the money that was inside the cash register.  The defendant then brandished a firearm and walked around the counter to the cash register.  When the employee succeeded in opening the cash register, the defendant took from the cash register approximately $145 in U.S. currency.  The defendant fled the store on foot.

4.     The defendant's robbery of McDonald's unlawfully obstructed, delayed, and affected commerce as that term is defined in 18 U.S.C. § 1951.  In addition, by using and brandishing a firearm during the robbery, the defendant obtained property from an employee of McDonald's against the employee's will and by means of actual or threatened force, violence, and fear of immediate and future injury to the employee's person while she engaged in commercial activities as an employee of the store.

5.     On February 21, 2021, the defendant walked into the Subway restaurant located at 10428 Campus Way South, in Largo, Maryland.  At the time, Subway was engaged in and affected interstate commerce.  The defendant approached the employees who were behind the counter, brandished a firearm, and demanded that the employees open the cash register.  When the employees complied, the defendant took from the cash register approximately $500 in U.S. currency.  The defendant fled the restaurant by foot and the area by a vehicle being driven by an accomplice.

2

6.     The defendant's robbery of Subway unlawfully obstructed, delayed, and affected commerce as that term is defined in 18 U.S.C. § 1951.  In addition, by using and brandishing a firearm during the robbery, the defendant obtained property from an employee of Subway against the employee's will and by means of actual or threatened force, violence, and fear of immediate and future injury to the employee's person while he engaged in commercial activities as an employee of the store.

7.     On February 23, 2021, the defendant and an accomplice walked into the Papa John's restaurant located at 5860 Columbia Pike, in Falls Church, Virginia, within the Eastern District of Virginia.  At the time, ~~Subway~~ Papa John's two was engaged in and affected interstate commerce.  The defendant approached an employee, brandished a firearm, and demanded that the cash register be opened.  The defendant then walked around the counter and tried unsuccessfully to open the cash register for several seconds.  The defendant then had an employee walk him to the back of the store, where the employee produced a bag containing cash.  The defendant took the bag, which contained approximately $187 in U.S. currency.  The defendant and his accomplice fled the store by foot.

8.     The defendant's robbery of Papa John's unlawfully obstructed, delayed, and affected commerce as that term is defined in 18 U.S.C. § 1951.  In addition, by using and brandishing a firearm during the robbery, the defendant obtained property from an employee of Papa John's against the employee's will and by means of actual or threatened force, violence, and fear of immediate and future injury to the employee's person while he engaged in commercial activities as an employee of the store.

9.     On March 13, 2021, the defendant walked into the Domino's Pizza restaurant located at 8133 Watson Street, in McLean, Virginia, within the Eastern District of Virginia.  The

3

defendant was carrying a duffel bag. The defendant pulled out from the duffel bag a short-barreled shotgun, which he brandished to the restaurant's employees. The defendant walked around the counter to a cash register and took approximately $386.59 in U.S. currency from the cash register. The defendant then ordered the employees to walk toward the back of the restaurant and fled the store on foot.

10.     The defendant's robbery of Domino's Pizza unlawfully obstructed, delayed, and affected commerce as that term is defined in 18 U.S.C. § 1951. In addition, by using and brandishing a firearm during the robbery, the defendant obtained property from employees of Domino's Pizza against their will and by means of actual or threatened force, violence, and fear of immediate and future injury to their person while they engaged in commercial activities as an employee of the store.

11.     Each of the businesses robbed by the defendant discussed herein sold merchandise shipped in interstate commerce and to customers from different states. The businesses were forced to stop operating during the robberies and the subsequent investigations.

12.     On March 14, 2021, the defendant crashed and then abandoned his vehicle in Prince George's County, Maryland. The vehicle was a 2007 blue Chevrolet Malibu Maxx bearing Maryland temporary registration TO272421 and was registered to the defendant. The defendant used this vehicle to flee the area of the Subway restaurant following the robbery of that establishment. On that occasion, the defendant's accomplice drove the vehicle away from the area where the robbery had occurred.

13.     At the scene of the car crash, law enforcement officers recovered a sawed-off Harrington and Richardson, model Topper M-48, 16 gauge caliber, single-shot short-barreled shotgun bearing serial number H-79060. The defendant used this firearm in connection with the

4

armed robbery of the Domino's Pizza restaurant described herein.

14.     The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

15.     This Statement of Facts includes those facts necessary to support the plea agreement between the defendant and the United States.  It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date:   September 30, 2021          By: _____

Cristina C. Stam
Bibeane Metsch
Assistant United States Attorneys

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, JON KARL MCREE FLEET, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
JON KARL MCREE FLEET

I am Brooke Rupert, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Brooke Rupert, Esq.
Attorney for JON KARL MCREE FLEET