IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 1:21-CR-192 (LMB) |
| JON KARL MCREE FLEET, | Sentencing Hearing: February 15, 2022 |
| *Defendant*. | |

**POSITION OF THE UNITED STATES**
**WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Jessica D. Aber, United States Attorney, and Bibeane Metsch, Assistant United States Attorney, and in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("Guidelines") files this Position of the United States with Respect to Sentencing in the instant case.

The United States respectfully submits that a sentence of 204 months of imprisonment is sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

**BACKGROUND**

The government agrees with the description of the offenses as set forth in the Probation Office's Presentence Investigation Report ("PSR"), Dkt. No. 36. In sum, between January 24, 2021 and March 13, 2021, the defendant committed five robberies in this District and Maryland. PSR ¶¶ 29-38. Specifically, the defendant brandished a firearm while robbing a Macy's, McDonald's restaurant, Subway restaurant, Papa John's restaurant, and Domino's Pizza restaurant. During the Domino's Pizza restaurant robbery, the defendant was armed with a short-barreled sawed-off shotgun. At all of the robbed establishments, victims working were present

and frightened by the defendant.

On August 19, 2021, the defendant was indicted by a grand jury sitting in this District. PSR ¶ 4. The Indictment charged the defendant with:

- Count 1: Conspiracy to Obstruct Commerce by Robbery, in violation of 18 U.S.C. § 1951(a);
- Counts 2-5: Obstructing Commerce by Robbery, in violation of 18 U.S.C. §§ 2 and 1951(a);
- Counts 6-9: Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A); and
- Count 10: Possession of a Firearm by Prohibited Person, in violation of 18 U.S.C. § 922(g)(1).

On October 19, 2021, the defendant pleaded guilty to Counts 8 and 9 of the Indictment. PSR ¶ 6. Pursuant to the plea agreement, the parties agreed to recommend that the defendant be sentenced to 17 years (204 months) of imprisonment. PSR ¶ 10.

## ARGUMENT

A. Overview of Applicable Law

Although the Supreme Court rendered the Guidelines advisory in *United States v. Booker*, 543 U.S. 220 (2005), a sentencing court still must "consult those Guidelines and take them into account when sentencing." *Ibid.* at 264. "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

When imposing a sentence that is "sufficient, but not greater than necessary," § 3553 states that the Court shall consider the nature and circumstances of the offense and the history and

characteristics of the defendant. The Court must also consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). In addition, the sentence should protect the public from further crimes of the defendant and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) & (D). Finally, the sentence should address "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

B. Guidelines Calculation

In accordance with § 6A1.2 of the Guidelines and Policy Statements and this Court's policy regarding Guidelines sentencing, the United States has reviewed the PSR prepared in this matter. The PSR calculates the Guidelines range to be 262 to 327 months of incarceration. PSR ¶ 100. The United States has no objection to the Probation Officer's calculations of the defendant's Guidelines.

C. Application of 18 U.S.C. § 3553 Factors to the Defendant's Case

The factors set forth in 18 U.S.C. § 3553(a) warrant the imposition of a sentence of 204 months of incarceration. The defendant demonstrated a disregard for the individuals that he victimized, instilling them with fear, all for small amounts of money, PSR ¶ 16, that could have been earned honestly had the defendant instead pursued gainful employment. The need for specific deterrence in this case is pronounced given the defendant's designation as a Career Offender based on his lengthy criminal history which involves prior convictions for robberies including with dangerous weapons. *See* PSR ¶¶ 54-64. The defendant's criminal history shows a pattern of disregard for the law. A significant sentence will serve to reduce the likelihood that the defendant,

who is 62 years old, will commit additional armed robberies. A significant sentence will also aid to deter similar future criminal conduct by others.

The jointly recommended sentence of 204 months is also the mandatory minimum term required by statute. *See* PSR at 2; ¶ 10. Given the defendant's advanced age, such a sentence is sufficient but not greater than necessary.

## CONCLUSION

Therefore, for the above-stated reasons, the United States submits that the sentence of 204 months of imprisonment agreed upon by the parties is appropriate and necessary to promote respect for the law and to protect the community from this type of violent crime and accounts for the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Jessica D. Aber
United States Attorney

\_\_\_\_\_/s/_____
Bibeane Metsch
Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-739-9556
Email Address: bibeane.metsch@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of February, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

I further certify that I have sent the foregoing by email to the United States Probation Office at Jennifer_Lyerly@vaep.uscourts.gov.

    /s/
Bibeane Metsch
Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-739-9556
Email Address: bibeane.metsch@usdoj.gov